**UNITED STATES DISTRICT JUDGE**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-61036-KUNTZ**

**MARY PALACIOS**,

Plaintiff,

v.

**BROWARD COUNTY**, **FLORIDA**

Defendant.
_________________________________/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT

**THIS CAUSE** came before the Court on Magistrate Judge Panayotta D. Augustin-Birch's Report and Recommendation to Dismiss Case Without Prejudice [ECF No. 25], entered on September 28, 2026. On April 10, 2026, Plaintiff Mary Palacious filed a Complaint against Defendant Broward County, Florida [ECF No. 1]. The Motion to Dismiss [ECF No. 5] was referred to Magistrate Judge Augustin-Birch on August 7, 2026. [ECF No. 21]. On September 28, 2026, Judge Augustin-Birch then issued a Report and Recommendation that the case be dismissed *without prejudice*. [ECF No. 25].

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition de novo. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72

itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a de novo review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

In this case, Plaintiff did not object to the Report and Recommendation. However, Plaintiff does move to file its amended complaint "in direct response to the Report and Recommendation.[1]" [ECF No. 26, pg. 1]. Plaintiff states that it files the motion for leave to file amended complaint "promptly and in good faith to cure the pleading deficiencies identified by the Court and Defendant's Motion to Dismiss."

The undersigned has reviewed the Report, the record, and the applicable law to assure that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the analysis and recommendations stated in Judge Augustin-Birch's Report, and agrees with Judge Augustin-Birch's conclusion that Plaintiff's Complaint be dismissed. However, at the same time, the Court will

---

[1] Plaintiff failed to confer with opposing counsel prior to filing the motion. In the future, failure to confer will result in the Court denying the motion.

allow Plaintiff to file its proposed First Amended Complaint as a new filing on or before October 22, 2026. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report [ECF No. 21] recommendation the Court grant the motion to dismiss [ECF No. 5] is **AFFIRMED AND ADOPTED**. Further, Plaintiff's Motion for Leave to File First Amended Complaint is **GRANTED**. Plaintiff shall refile the proposed amended complaint no later than October 22, 2026.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 20th day of October, 2026.

**JEFFREY T. KUNTZ**
**UNITED STATES DISTRICT JUDGE**

Cc: counsel of record